CLARE & FOSTER, INC., Appellant, v. PEARSON, SCHMIDT & HOLBROOK, INC., Appellee.

No. 45016.

JANUARY 16, 1940.

J. F. Hudson, for appellant.

J. O. Boyd, for appellee.

MILLER, J.—This is an action at law wherein the plaintiff seeks to recover judgment against the defendant in the sum of $208 claimed to be due under the terms of a written contract, in which defendant ordered certain advertising copy from plaintiff and the order was accepted by plaintiff. In referring to the order and acceptance, plaintiff states, "that a true copy of said order and said acceptance and affidavit of plaintiff is attached to the original petition at law filed herein and which said Exhibit 'A' is by reference made a part of this amended and substituted petition." The petition was not verified.

The defendant's answer was verified. It consisted of a general denial of the allegations of the petition and a specific denial that defendant executed the agreement set out as Exhibit A. The verification, in addition to stating that the facts stated in the answer are true, concludes as follows: "Affiant expressly states that the defendant's signature was never affixed to a contract in words and figures as set forth in the exhibit attached to plaintiff's petition filed on October 2, 1936."

Trial was had to the court without a jury. The written contract was identified as Exhibit 5. Plaintiff rested without

offering Exhibit 5 in evidence. Defendant moved for judgment, one of the grounds being that there was no proof of the contract sued upon. Plaintiff then offered various exhibits, including Exhibit 5. Defendant promptly objected to Exhibit 5 on the grounds that it was a variance and a different contract than that pleaded in the plaintiff's petition. The objection was sustained. In the discussion between the court and counsel, the court stated: "That wouldn't cover it. You have sued upon one contract and introduced another. You can't recover that way." After the court had sustained the objection to Exhibit 5, the following took place:

"MR. BOYD: Then there is no proof, and then if Mr. Hudson rests, then I shall make a motion. What I do next shall depend upon what he does..

"Plaintiff excepts. (Ruling on Objection to Ex. 5).

"The Court: All right. Have you any further offer?

"Mr. Hudson: No."

Defendant again moved for judgment, one of the grounds being, "on the ground that the plaintiff has failed to establish its cause of action in accordance with its petition." The court sustained the motion for judgment in favor of the defendant, finding, "That the plaintiff has failed to support the allegations of its petition, and that its proof does not substantiate its pleaded cause of action and that on account of failure of proof the plaintiff is not entitled to recover herein." Judgment was entered dismissing the action at plaintiff's costs. Plaintiff promptly filed a motion to set aside the judgment, a motion for judgment in its favor on the pleadings and upon the whole case, a motion for new trial and an application for leave to amend its pleadings. All of the motions were overruled. Plaintiff appeals from the judgment and the rulings on said motions, making four assignments of error.

At the outset, it should be stated that this is an action at law. On appeal, this court constitutes a court for the correction of errors and it is necessary for the appellant to make assignments of error in accordance with the requirements of Rule 30 of this court. Appellee calls our attention to the fact that appellant has wholly failed to comply with said Rule 30. Accordingly, the appeal presents nothing for our consideration. However, in determining the correctness of such position of

appellee, we have examined the abstract, the amendment to abstract, and the briefs and arguments, and find that, even were we to disregard the requirements of Rule 30, nevertheless appellant has presented nothing which would warrant a reversal of this case. This is due to the fact that the judgment appealed from was right, because the aforesaid Exhibit 5 was not in evidence when the plaintiff rested. There was no evidence to sustain the allegations of the petition. To entitle appellant to relief, it was indispensable that appellant properly challenge the correctness of the ruling on the admissibility of said Exhibit 5. Appellant has made no such assignment of error.

I. Appellant's first assignment of error seeks to challenge the correctness of the court's finding in favor of the defendant. Appellant assumes that the contract was in evidence, whereas it was not. With Exhibit 5 not in evidence, the judgment of the court was right and there is no merit in appellant's first contention.

II. Appellant's second assignment of error seeks to challenge the court's ruling on plaintiff's motion for judgment on the pleadings. It is difficult for us to imagine a situation in which a plaintiff, who has filed an unverified petition, would be entitled to judgment on the pleadings against a defendant, who has filed a verified general denial. This case does not justify any such ruling. Appellant relies upon section 11218 of the Code. This section has reference to the genuineness of the signature upon a written contract. Even conceding that the genuineness of the signature was not properly challenged, the contents of the alleged contract were challenged by general and specific denials under oath. There is no merit in appellant's second contention.

III. Appellant's third attempted assignment of error reads as follows: "The plaintiff should have been granted a new trial on the ground of surprise occurring on the trial." We have often held that such an assignment is insufficient to comply with Rule 30. In addition to that fact, the surprise of which appellant complains apparently was due to the ruling on the admissibility of Exhibit 5. In the absence of any contention that the ruling was erroneous, there is no justification for the granting of a new trial. Certainly there was no abuse of discretion in refusing one.

IV. Appellant's fourth assignment of error is as follows: "The court abused its discretion when it refused to permit plaintiff to amend its amended and substituted petition to conform to the proof." This assignment is insufficient under Rule 30, and is also insufficient because it disregards the status of the proof. The written contract, which appellant seeks to have enforced, had not been established by the proof. Accordingly, there was no proof to which appellant could conform its pleadings. Obviously, there was no abuse of discretion in refusing appellant's application to amend its pleadings.

By reason of the foregoing, the judgment must be and it is affirmed.—Affirmed.

All the JUSTICES concur.